UNITED STATES DISTRICT COURT
STATE OF NEW YORK: WESTERN DISTRICT OF NEW YORK

---

EITAN STANT and
VIOLET KNAUSS
    Plaintiffs,

vs.  **COMPLAINT**

CITY OF BUFFALO,
CITY OF BUFFALO POLICE OFFICER KARL SCHULTZ,
CITY OF BUFFALO POLICE LIEUTENANT MICHAEL DELONG,
CITY OF BUFFALO POLICE OFFICER JOE P
CITY OF POLICE OFFICERS JOHN DOE 1-4,
    Defendants.

---

## Jury Demand
Trial by Jury on all issues is demanded.

## Preliminary Introduction

    This is a combined state and federal action relating to the civil rights violations suffered by Plaintiffs Eitan Stant and Violet Knauss on February 15, 2020 after the Defendants violated the Plaintiffs' civil rights. Such claims include but are not limited to unlawful entry, unlawful search of person and property, excessive force, as well as unlawful detainment and the unlawful deprivation of their property rights. Such federal claims are brought under 42 United States Code (U.S.C.) §1983 against all Defendants, and are being brought in conjunction with the pendant state actions.

## Parties

1. Plaintiff Eitan Stant currently resides at 245 Linwood Avenue, Apartment 1C, Buffalo, New York 14209, located within the County of Erie and the State of New York.

2. Plaintiff Violet Knauss currently resides at 245 Linwood Avenue, Apartment 1C, Buffalo, New York 14209, located within the County of Erie and the State of New York. Such residence was the site of this civil rights violation.

3. Upon information and belief, the CITY OF BUFFALO is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

4. City of Buffalo Police Officer Karl Schultz is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

5. City of Buffalo Police Lieutenant Michael DeLong was employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit. He has recently retired.

6. City of Buffalo Police Officer Joe P. is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

7. City of Buffalo Police Officers John Doe 1-4 are employed by the City of Buffalo and were acting in such capacity during the events which give rise to this lawsuit.

8. Plaintiffs bring this action to recover damages for the violation of their civil rights under the Fourth Amendment of the United States Constitution, codified at 42 U.S.C. §1983 and 42 U.S.C. §1988 and as bestowed upon the states and its citizens through the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

9. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question), and §1343 (civil rights).

10. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §2201 and §2202.

11. Compensatory and Punitive damages are sought pursuant to 42 U.S.C. §1983.

12. Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. §1988 and Fed. R. Civ. P. Rule 54.

## Venue

13. This action properly lies within the Western District of New York, pursuant to 28 U.S.C. § 1343(3), because the claims arose in this judicial district and the Defendants reside in and/or do business in Erie County.

## Factual Background

14. On February 15, 2020 Plaintiff Knauss was sleeping at the aforementioned address while Plaintiff Stant was playing a video game in a bedroom inside their residence.

After hearing a knock on the bathroom window, Plaintiff Stant opened the window and saw numerous City of Buffalo Police officers standing outside the front door of his apartment complex.  Upon the Police seeing Plaintiff Stant, one Officer indicated to said Plaintiff that they wanted to enter his apartment by saying "we can do this the easy way or the hard way."  Plaintiff Stant opened the door of his apartment to go outside to speak with the Officers. However, they had already gained entry to the interior of Plaintiff's apartment building.

15. Defendant Schultz, Defendant Officer Joe D, and the 4 Doe Officers pushed Plaintiff Stant to gain entry into Plaintiff Stant's apartment without any lawful basis or the consent of Plaintiffs' Stant or Knauss. Defendant Schultz punched Plaintiff in the chest upon encountering said Plaintiff, took Plaintiff Stant's wallet (containing 5 photo IDs and one with this address) and forced his way further into the apartment.

16. Plaintiff Stant began filming the interaction at this point. Numerous officers demanded Plaintiff Stant produce identification and proof that he lawfully resided in the apartment. Plaintiff Stant produced several forms of identification as well as his lease, all of which corroborated that he was doing nothing more than lawfully spending time at his dwelling with his fiancee who also lives there, Plaintiff Knauss.

17. Plaintiff Stant was repeatedly pushed/punched in the chest by Defendant Schultz. Defendant Schultz administered an arm bar upon him. Plaintiff Stant repeatedly requested that the Defendant Officers leave his residence so as to discuss matters outside.  Instead, the Defendant Officers refused to leave and refused to explain why they weren't leaving.

18. Defendant Delong arrived later at the scene and also entered the Plaintiffs' apartment without consent.

19. The chaos awoke Plaintiff Knauss from her sleep.  As she was sleeping, she was scantily clad but went into the living room to see what the commotion was and to tend to her fiancée who was in distress.

20. At that time and at the behest of Defendant Delong, the Defendant Officers tackled and handcuffed Plaintiff Stant, taking him outside with no shoes, jacket, wallet or keys in frigid temperatures. Defendant Delong ordered his subordinates to "take him on fucking papers." Said subordinates willingly and eagerly complied with this directive.

21. Plaintiff Knauss was also videotaping the encounter. When she produced her identification to Defendant Delong at his request, he pushed her. Her phone cut off recording at this juncture.

22. Defendant Delong grabbed Plaintiff Knauss by her throat and choked her while stating, "…your liberal bullshit doesn't work in here you fucking tranny... give me your keys or I'm going to get dogs in here for the drugs in your apartment."

23. There were no drugs in the Plaintiffs' apartment, just as there was also no legal basis to search said apartment.

24. Defendant Joe P pepper sprayed Plaintiff Stant while he was handcuffed in the back of the police car when Plaintiff Stant commented that their behavior was unlawful. Said officers then took Plaintiff Stant to Erie County Medical Center's (ECMC) Comprehensive Psychiatric Emergency Program on a Mental Hygiene Law (MHL) §9.41 hold where he was not discharged until February 17, 2020.  They did so without any legal basis to issue such hold, as evinced by the lack of any such basis set forth on the MHL §9.41 form or otherwise. Plaintiff Stant was of course upset with the fact that the Defendants had violated many of his civil liberties, but did not exhibit any indications that he was a threat to himself or any others.

25. The Defendant Officers, namely Defendant Delong, also forced Plaintiff Knauss out of the apartment, taking her keys and leaving her without access to her home until Plaintiff Stant was discharged from Erie County Medical Center.  Upon discharge, Plaintiff Stant had to contact his landlord to gain access to their apartment.

26. Said Defendant Officers also ransacked the apartment, breaking some of the Plaintiffs' property.

27. It should be noted that no criminal charges were filed and no drugs or other illegal contraband or materials were found at the residence, as the Plaintiffs had done nothing wrong.

28. Despite the mass police presence inside the Plaintiff's home, which was tantamount to an armed home invasion, there was no police report or use of force report of any kind filed in this matter.

**Plaintiff Stant And Knauss' First Cause Of Action For Violation Of
The Fourth Amendment As Per 42 U.S.C. §1983 For Unlawful Entry
Against Defendants City Of Buffalo Police Officer Karl Schultz,
City Of Buffalo Police Lieutenant Michael Delong,
City Of Buffalo Police Officer Joe P, And
City Of Police Officers John Doe 1-4
In Their Individual Capacities:**

29. Plaintiffs Eitan Stant and Violet Knauss repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

30. Said Plaintiffs were inside their residence enjoying the privacy of a quiet weekend afternoon and therefore, the Officer Defendants lacked any legal basis to enter their apartment.

31. Said entry was both warrantless, non-consensual, and there was no exception to the warrant requirement that would justify the Defendants' entry into the Plaintiffs' dwelling.

32. The above-referenced Defendants entered Plaintiffs' residence without permission nor a lawful basis, and disregarded countless requests of Plaintiffs to exit the apartment.

**Plaintiff Stant's Second Cause Of Action For Violation Of The Fourth Amendment
As Per 42 U.S.C. §1983 For Unlawful Imprisonment/ Unlawful Detainment
Against Defendants City Of Buffalo Police Officer Karl Schultz,
City Of Buffalo Police Lieutenant Michael Delong,
City Of Buffalo Police Officer Joe P, And
City Of Police Officers John Doe 1-4
In Their Individual Capacities**

33. Plaintiffs Eitan Stant and Violet Knauss repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

34. Upon the instructions of Defendant Delong and in conjunction with him, the above-referenced Defendants involuntarily committed Plaintiff Stant to the Erie County Medical Center's Comprehensive Psychiatric Emergency Program on a Mental Hygiene Law (MHL) §9.41 hold by the Defendants. They did so despite no indication that Plaintiff Stant was a threat of harm to himself or any others. He merely was distressed that the Defendants were violating his civil liberties.

35. The above-referenced Defendants worked in tandem to restrain Plaintiff Stant by all of the above named and referenced Defendants tackling him, restraining his movement, manhandling him, and working together to handcuff Plaintiff. Said Defendants then threw him into a police car occupied by Defendant Joe P. Joe P. then pepper sprayed Plaintiff Stant while he was handcuffed and then committed Plaintiff Stant to ECMC at the behest of Defendant Delong. Plaintiff was there for upwards of 30 hours before he was discharged.  There was no basis for a psychiatric hold relative to Plaintiff Stant.

36. Plaintiff Stant was conscious of his confinement and at no time did he consent to his confinement.  The Officer Defendants' actions were intentional in nature and not privileged, as they were not borne from probable cause to detain Plaintiff.

37. At no point during any of the above events was Plaintiff free to leave or at liberty, as gauged objectively by the attendant circumstances.

38. Plaintiff Stant was wrongfully committed on a psychiatric hold and was therefore deprived of his liberty by such hold, without cause or merit.

39. Such hold was done for the purpose of harming Plaintiff Stant and for helping cover up the wrongdoing by the Police in question.

**Plaintiff Stant's Third Cause Of Action For Unlawful Imprisonment/ Unlawful Detainment Against Defendants City Of Buffalo
City Of Buffalo Police Officer Karl Schultz,
City Of Buffalo Police Lieutenant Michael Delong,
City Of Buffalo Police Officer Joe P, And
City Of Police Officers John Doe 1-4
In Their Individual Capacities**

40. Plaintiffs Eitan Stant and Violet Knauss repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

41. The elements for a state claim for illegal arrest and imprisonment are identical to those of a federal claim in the second circuit.

42. As this is a state action, respondeat superior applies and the City of Buffalo, as the employer of said individually named and referenced Defendants is liable for the torts of their tort-feasors.

43. A notice of claim was filed on or about May 7th, 2020; at least thirty days elapsed since the notice was filed and before the complaint was filed; and in that time, the defendant neglected or refused to satisfy the claim.  Given that Plaintiff fulfilled the notice requirements and was examined at a General Municipal Law (GML) §50-h hearing on September 25th, 2020, he is pursuing state claims as well as federal claims against said Defendants.

**Plaintiff Stant And Knauss' Fourth Cause Of Action For Unlawful Entry
Under Real Property Actions And Proceedings Law (RPAPL §853)
Against Defendants City Of Buffalo Police Officer Karl Schultz,
City Of Buffalo Police Lieutenant Michael Delong,
City Of Buffalo Police Officer Joe P, And
City Of Buffalo Police Officers John Doe 1-4**

44. Plaintiffs Eitan Stant and Violet Knauss repeat and reiterate each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

45. Both Plaintiff's Stant and Knauss were put out of real property in a forcible or unlawful manner as set forth above in the above-referenced facts.

46. They both could not re-enter said property for two days.

47. As such and pursuant to statute, treble damages attach.

48. As this is a state action, respondeat superior applies and the City of Buffalo, as the employer of said individually named and referenced Defendants, is liable for the torts of their tort-feasors.

49. A notice of claim was filed on or about May 7th, 2020; at least thirty days elapsed since the notice was filed and before the complaint was filed; and in that time, the defendant neglected or refused to satisfy the claim.  Given that Plaintiffs fulfilled the notice requirements and were examined at a General Municipal Law (GML) §50-h hearing on September 25th, 2020, they are pursuing state claims as well as federal claims against said Defendants.

**Plaintiff Stant's Fifth Cause Of Action For Violation of the Fourth Amendment
As Per 42 U.S.C. §1983 for the Excessive Use of Force used against the Plaintiff
By Defendant Schultz, Defendant Delong, Defendant Joe P,
And City Of Police Officers John Doe 1-4
In Their Individual Capacities**

50. Plaintiff Stant repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

51. To establish a claim for excessive force, a plaintiff must show: (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable. Cass v. City of Abilene, 814 F.3d 721, 731 (5th Cir. 2016). Whether the force used was excessive or unreasonable is a fact intensive inquiry that depends on the "totality of the circumstance." Tennessee v. Garner, 471 U.S. 1, 8-9 (2010).

52. As specified, Plaintiff was seized in the above-referenced manner and matter, in that he was not free to leave at any time. Furthermore, the above referenced Defendants utilized force excessive to the need at hand, in that they tackled, manhandled and handcuffed Plaintiff, while Defendant Joe P pepper sprayed him while handcuffed. Defendant Schultz punched and wrestled with Plaintiff Stant.

53. Plaintiff suffered significant pain to his eyes, shoulder and back area as well as bruising. His vision was impaired for several days as a result of being pepper sprayed by Defendant Joe P. Plaintiff also sustained psychological injuries in the form of depression and anxiety as a result of the dehumanizing conduct and force used against him.

54. Plaintiff demands costs and attorney's fees pursuant to 42 U.S.C. §1988.

**Plaintiff Stant's Sixth Cause Of Action For The Common Law Tort
Of Battery Against Defendant Schultz, Defendant Delong,
Defendant Joe P, Defendant City Of Police Officers John Doe 1-4
In Their Individual Capacities, And Defendant City Of Buffalo**

55. Plaintiff Stant repeats and reiterates each and every foregoing allegation of this Amended Complaint with full force and effect as if set forth at length in this cause of action.

56. The elements of a cause of action [to recover damages] for battery are bodily contact, made with intent, and offensive in nature." Tillman v Nordon, 4 AD.3d 467, 468 (2004).

57. The above-referenced Defendants all made offensive bodily contact with Plaintiff Stant and did so intentionally by tackling him, groping him, and working together to put handcuffs on him. Defendant Joe P pepper sprayed Plaintiff while he was handcuffed.

58. Defendant City of Buffalo is liable for this tort under a theory of *respondeat superior*, as the intentional tort took place within the scope of said Defendants' employment.

**Plaintiff Stant's Seventh Cause Of Action For The Common Law Tort
Of Assault Against Defendants Schultz, Defendant Delong,
Defendant Joe P, Defendant City Of Police Officers John Doe 1-4
In Their Individual Capacities, And Defendant City Of Buffalo**

59. Plaintiff Stant repeats and reiterates each and every foregoing allegation of this Complaint with full force and effect as if set forth at length in this cause of action.

60. "To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" Cotter v Summit Sec. Servs., Inc., 14 AD.3d 475 (2005).

61. In the present matter, said Defendants subjected Plaintiff to an assault when they tackled, manhandled, and battered Plaintiff without probable cause. This action was intentionally done to intimidate and dehumanize said Plaintiff. Such contact equated to an assault that did not serve any legitimate purpose.

62. Defendant City of Buffalo is liable for this tort under a theory of *respondeat superior*, as the tort took place within the scope of Defendants' employment.

**Plaintiff Stant And Knauss' Eighth Cause Of Action For Violation Of The
Fourth Amendment As Per 42 U.S.C. §1983 For An Illegal Search
Against Defendants Schultz, Defendant Delong, Defendant Joe P, Defendant
City Of Police Officers John Doe 1-4 In Their Individual Capacities**

63. Plaintiffs repeat and reiterate each and every foregoing allegation of this Amended Complaint with full force and effect as if set forth at length in this cause of action.

64. The Fourth Amendment of the United States Constitution protects the citizenry for unreasonable searches.

65. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." Katz v United States, 389 US 347, 357 (1967).

66. In the case at bar, Plaintiffs were subjected to a warrantless search of their residence. Further, Plaintiffs did not willingly consent to such a search, nor did the circumstances even allow said Defendants to request a search of Plaintiffs' residence.

67. Such search was objectively unreasonable and unlawful in nature.

68. Said Defendants ransacked Plaintiffs' apartment, destroying computer equipment and other electronics, without any legal basis to do.

### Plaintiff Knauss' Ninth Cause Of Action For Violation Of The Fourth Amendment As Per 42 U.S.C. §1983 For The Excessive Use Of Force Against Defendant Delong

69. Plaintiffs repeat and reiterate each and every foregoing allegation of this Amended Complaint with full force and effect as if set forth at length in this cause of action.

70. Defendant DeLong has a long history of excessive force allegations and was suspended as recently as June, 2020 for making derogatory and disturbing comments to a woman.

71. On the date in question, Defendant Delong, without legal basis or the need for any force, grabbed Plaintiff Knauss by the throat and threw her up against the wall. He then threw her to the ground while screaming at Plaintiff Knauss that her "liberal bullshit," wouldn't work around here.

72. Delong, after choking Plaintiff Knauss to the brink of unconsciousness, then ordered her to leave her own home, and forced her to only wear a pair of flats into the cold frigid Buffalo evening.

73. As Delong had taken Plaintiff Knauss keys, she was basically homeless until Plaintiff Stant was released from ECMC some 30 hours after his detainment.

74. Aside from the temporary loss of breathing, pain, and discomfort that Delong caused Plaintiff Knauss, she has also suffered profound psychological damage as a result of her hellacious ordeal. Such injuries manifested themselves in loss of sleep, appetite, deep depression, and anxiety.

### Plaintiff Knauss Tenth Cause Of Action For Violation Of The Fourth Amendment As Per 42 U.S.C. §1983 For The Unlawful Taking Of Her Property Against Defendant Delong

75. Plaintiffs repeat and reiterate each and every foregoing allegation of this Complaint with full force and effect as if set forth at length in this cause of action.

76. As set forth above, Defendant Delong, without any cause or legal basis, deprived Plaintiff Knauss of her house keys. Such deprivation caused Plaintiff Knauss temporary homelessness and endangered her life and well being.

### Punitive Damages Against Defendants City Of Buffalo Police Officer Karl Schultz, City Of Buffalo Police Lieutenant Michael Delong, City Of Buffalo Police Officer Joe P, And City Of Police Officers John Doe 1-4 In Their Individual Capacities

77. Plaintiffs Eitan Stant and Violet Knauss incorporate by reference all of the allegations set forth herein in this Complaint as if fully set forth herein.

78. Defendant Officers, in their individual capacities, were deliberately indifferent to Plaintiff's Constitutional rights as a result of their unconscionable and unjustified treatment of said Plaintiffs.

79. Punitive damages are justified against the above-stated Defendants for their deliberate indifference, malice, and homophobic and transphobic animus directed towards the Plaintiffs herein.

WHEREFORE, the Plaintiffs demands judgment on the above counts against the Defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

      a. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;

      b. Exemplary damages in favor of the Plaintiffs;

      c. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and,

      d. Such other relief as the court may deem appropriate.

Dated:    May 17, 2021
            Darien Center, New York

                                        */s/ Fares A. Rumi, Esq.*
                                        Attorney for Plaintiffs
                                        The Phoenix Law Group PLLC
                                        Office and P.O. Address
                                        2166 Church Rd.
                                        Darien Center, New York 14040
                                        (585) 813-8635
                                        farumi.phoenixlaw@gmail.com